IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO.: WDQ-14-042 |
| CRAIG OKEIDO ANDERSON | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On August 27, 2014, Craig Okeido Anderson pled guilty to being a felon in possession of a firearm and ammunition. ECF Nos. 36, 37. In a November 14, 2014 letter to the Court, and at a January 13, 2015 hearing, Anderson moved to withdraw his plea. ECF No. 48. For the following reasons, Anderson's motion was denied.

I.   Background[1]

From February 2012 to October 2013, Anderson "was a pimp who persuaded, induced, enticed, and coerced women" to engage in prostitution. ECF No. 37 at 9. Anderson took money from the women, provided them with drugs, and beat them. *Id.* at 9-12.

In August 2012, Anderson bought a semi-automatic rifle with an extended magazine, which he used until his October 3, 2013

---

[1] The facts are from the Stipulated Facts attached as Exhibit A to the Plea Agreement, ECF No. 37, the government's opposition and exhibit, ECF Nos. 55, 55-1, and the January 13, 2015 hearing on Anderson's motion.

arrest to further his prostitution activities.  *Id.* at 10. Anderson also used the firearm to threaten a drug dealer.  *Id.*

On January 28, 2014, a federal grand jury indicted Anderson on a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 1.  The government sought forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  *Id.*  On March 18, 2014, Anderson was arraigned and pled not guilty.  ECF No. 14.

On May 6, 2014, Anderson filed three suppression motions, and a motion for leave to amend, supplement, or withdraw additional motions.  ECF Nos. 20, 21, 22, 23.

On August 5, 2014, the government filed a superseding indictment.  ECF No. 30.  In addition to the Felon in Possession charge, the superseding indictment added the following charges: (1) one count of inducing travel to engage in prostitution, in violation of 18 U.S.C. §§ 2 and 2422(a); and (2) seven counts of transportation of an individual with intent to engage in prostitution, in violation of 18 U.S.C. §§ 2 and 2421.  *Id.*

A hearing on Anderson's suppression motions was scheduled for August 27, 2014.  However, on that date, Anderson and the government entered into a written plea agreement.  ECF Nos. 36, 37.  Anderson pled guilty to Count Nine of the Superseding Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  *Id.* at 1.  Under Rule 11(c)(1)(C), the

parties agreed to a binding recommendation of 84 months incarceration. *Id.* at 5.[2]

At the arraignment, Anderson was placed under oath and pled guilty. ECF No. 55-1 at 5. Anderson swore that he had discussed the charges with his lawyers and was satisfied with their services, reviewed and signed the plea agreement, and the facts in the plea agreement were true. *Id.* at 9, 13-14, 19. Anderson swore that he had voluntarily pled guilty and was, in fact, guilty. *Id.* at 19. Finding that Anderson had knowingly and voluntarily entered the plea with advice of counsel, and there was a sufficient factual basis for the plea, the Court accepted it, and entered a guilty verdict. *Id.* at 19-20. Sentencing was scheduled for October 30, 2014. *Id.* at 20.

On October 28, 2014, the Court granted defense counsel's motion to withdraw, and vacated the upcoming sentencing. ECF No. 44. On November 4, 2014, Anderson was appointed new counsel. ECF No. 46.

On November 14, 2014, the Court received a *pro se* letter from Anderson, asking to withdraw his guilty plea. ECF No. 48.

---

[2] When the agreement was made, the parties expected Anderson to be in criminal history category ("CHC") III or IV; he was later determined to be in CHC VI. Thus, the 84-month negotiated sentence was below the 92-115 month advisory guidelines range for CHC VI. Absent a plea agreement, the government would have sought a second superseding indictment with charges that would have exposed Anderson to a mandatory 20-year term of imprisonment. ECF No. 55 at 9-10, 13.

Anderson stated that he "relied on misstatement[s] of counsel, including falsehoods of [his] options," that his "counsel provided erroneous and inadequate advice," and asserted his "legal innocence." Id. at 1. On January 12, 2015, the government opposed Anderson's request. ECF No. 55.[3]

On January 13, 2015, the Court held a hearing. Anderson asserted that his attorneys had convinced him to plead guilty, and told him to respond "yes" to the Court's questions. He repeated his "legal innocence,"[4] and contended that he had not had sufficient time to review the plea agreement before he pled guilty, and had not been informed of his advisory sentencing guidelines range.

The government argued that Anderson should not be permitted to withdraw his guilty plea because he has not provided evidence of coercion by his former counsel, his plea agreement was for a significantly-below-guidelines sentence, he has not provided evidence of his innocence of the Felon in Possession charge to which he pled guilty, and he had delayed moving to withdraw the

---

[3] At the hearing, the government apologized for its delayed response to Anderson's request, but noted that the request had not been clearly captioned as a motion.

[4] Anderson stated that the government was "bending hoops and turning wires" to charge him as a Felon in Possession of a Firearm.

4

plea.[5] The government also argued that, at the August 27, 2014 guilty plea, Anderson swore that his counsel had done everything he asked them to do, and he was satisfied with their services. It noted that the advantageous plea agreement that Anderson received was further evidence that Anderson had been competently represented. The government asserted that it would be substantially prejudiced by withdrawal of the guilty plea and preparations for a three-week trial. Since Anderson pled guilty, the government has lost track of key witnesses, some of whom may still be engaged in prostitution and would be difficult to locate. The passage of time may have impaired witnesses' memories. The government asserted that the plea agreement was the culmination of months of negotiations, and that preservation of the Court's and the government's resources disfavored withdrawing the plea.

The Court denied Anderson's motion, sentenced him to the 84 month sentence he had negotiated, and granted the government's motion to dismiss the remaining counts of the Superseding Indictment.

II. Analysis

Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a guilty plea, if "he can show a fair and just reason

---

[5] Anderson asserted that he had called his attorney about a week after sentencing, and told him that he wanted to withdraw his guilty plea.

for requesting the withdrawal." Courts consider six factors in determining whether a defendant has carried this burden: "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). "The most important of these factors is the first one, which addresses the question of whether the waiver colloquy was properly conducted." *United States v. Faris*, 388 F.3d 452, 456 (4th Cir. 2004) (*citing United States v. Wilson*, 81 F.3d 1300, 1305-07 (4th Cir. 1996)). Anderson has not shown that any of the six factors favors permitting him to withdraw his guilty plea.

Anderson's unsworn statements that his guilty plea was not voluntary and his counsel poorly advised him to plead guilty, are contradicted by his sworn statements during the lengthy August 27, 2014 plea colloquy that he had not been coerced, he was satisfied with his attorneys' services, he had read and signed the plea agreement, and the facts stated in the plea agreement were true. "The guilty plea and the often concomitant

plea bargain are important components of this country's criminal justice system," the advantages of which "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality." *United States v. Lemaster*, 403 F.3d 216, 219-20 (4th Cir. 2005) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)). When, as here, there is no evidence that the Rule 11 colloquy was improper, allowing Anderson to withdraw his plea would undermine the integrity of the Rule 11 process. *See Bowman*, 348 F.3d at 417 ("[A]n appropriately conducted Rule 11 colloquy can only serve meaningfully if the court is entitled to rely on the defendant's statements made under oath to accept a guilty plea."); *United States v. Wilson*, 81 F.3d 1300, 1307 (4th Cir. 1996) ("[T]he key to" whether a motion to withdraw a guilty plea should be granted is "whether or not the Rule 11 proceeding was properly conducted"). Therefore, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992)(citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977); *Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984)). This factor favors the government.

Similarly, Anderson's unsupported assertions of legal innocence are contradicted by his sworn guilty plea and admission that he committed the unlawful acts described in the

plea agreement. He has not presented any evidence that he is innocent of the charge of conviction--being a Felon in Possession of a Firearm. This factor disfavors allowing Anderson to withdraw his guilty plea. *Cf. Faris*, 388 F.3d at 458 (minor inconsistencies between an FBI report and the facts in the plea agreement notwithstanding, the "strong weight" accorded to sworn statements disfavored withdrawing guilty plea).

Anderson's two and a half month delay in moving to withdraw his plea also "militates against" permitting withdrawal of his guilty plea. *United States v. Dickey*, 449 F. App'x 290, 293 (4th Cir. 2011)(unpublished)(per curiam)(less than two-month delay disfavored withdrawing plea); *see also United States v. Sandoval Delgado*, 148 F. App'x 166, 168 (4th Cir. 2005)(unpublished)(per curiam)(two and a half month delay disfavored withdrawing plea). Although Anderson contends that he asked his former defense counsel to move to withdraw the plea within a week of sentencing, he has not provided evidence of that request. Thus, this factor favors the government.

To prevail on the fourth factor, incompetent assistance of counsel, Anderson must show "(1) that his counsel's performance 'fell below an objective standard of reasonableness' and (2) that 'there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have

8

insisted on going to trial.'" *United States v. Bowman*, 348 F.3d 408, 416 (4th Cir. 2003)(quoting *United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir. 1989)). As noted above, Anderson swore that he had received satisfactory legal services, which is corroborated by the advantageous plea agreement that he received. As a criminal history category VI offender, Anderson was exposed to a 92-115 month sentence, well above the agreed-upon 84-month sentence. Further, had he declined the plea, he could have faced additional charges exposing him to a mandatory 20-year sentence. Accordingly, Anderson has not carried his burden on this factor.

The fifth factor also favors the government. The government negotiated a plea agreement that dismissed eight of nine counts, in part, to avoid the burden of tracking and preparing witnesses for trial. It would be a substantial burden on the government to reassemble its case for trial by relocating and preparing witnesses, some of whom, because of their chaotic and criminal lifestyles, may be difficult to find.

Additionally, preservation of judicial resources and inconvenience to the Court disfavors allowing Anderson to withdraw his guilty plea. Finding room for a three-week trial on the Court's crowded docket would be difficult. In addition to two to three week trials scheduled in February and March, the Court has a two-month trial scheduled for April and May 2015, a

one-month trial in June 2015, and a six to seven week trial beginning in mid-July. Thus, the sixth factor favors the government.

III. Conclusion

For the reasons stated above, the Court denied Anderson's motion to withdraw his guilty plea.[6]

____1/14/15_____                    _____/s/_____
Date                                        William D. Quarles, Jr.
                                            United States District Judge

---

[6] Accordingly, Anderson's request for a hearing on his pending suppression motions, ECF No. 54, will be denied.